# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA ANN SANCHEZ,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL[1],<br>Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:17-cv-1728 - JLT<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>(Doc. 16) |

Teresa Ann Sanchez seeks an award for attorney's fees and expenses pursuant to the Equal Access for Justice Act, 28 U.S.C. § 2412(d). (Doc. 16) The Commissioner of Social Security opposes the motion. (Doc. 18) Because the ALJ's decision was contrary to established standards set forth by the Regulations and the Ninth Circuit, the Commissioner's defense of the decision was not substantially justified. However, because the requested hourly rates exceeded those appropriate in the Eastern District, Plaintiff's motion for attorney fees under the EAJA is **GRANTED IN PART** .

**I.     Relevant Procedural History**

Plaintiff initiated the action before this Court on December 21, 2017, seeking judicial review of the decision denying her application for Title II benefits under the Social Security Act. (Doc. 1) The

---

[1] This action was originally filed against Nancy A. Berryhill in her capacity as then-Acting Commissioner of Social Security. Andrew M. Saul, the newly appointed Commissioner, has been automatically substituted. *See* Fed. R. Civ. P. 25(d).

1

Court found the administrative law judge erred in finding Plaintiff could perform work existing in significant numbers in the national economy and remanded the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 14) Following the entry of judgment, Plaintiff filed the application for fees under the Equal Access to Justice Act now pending before the Court on May 8, 2019. (Doc. 16) The Commissioner filed an opposition to the motion on June 6, 2019 (Doc. 18), to which Plaintiff filed a brief in reply on June 13, 2019 (Doc. 19).

Including the time spent on the reply brief, Plaintiff seeks an award of $4,885.43 in fees and $400.00 in costs, for a total award of $5,285.43. (*See* Doc. 19 at 6)

## II.     Legal Standards for EAJA Fees

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party eligible to receive an award of attorney fees under the EAJA must be the prevailing party who received a final judgment in the civil action. 28 U.S.C. § 2412(d)(2)(H).

The party seeking the award of EAJA fees has the burden of proof that fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *see also Atkins v. Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA). As a result, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation, and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The court has an independent duty to review the evidence to determine the reasonableness of the hours requested in each case. *Hensley*, 461 U.S. at 433, 436-47.

Where documentation of the expended time is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433, 436-47. Further, "hours that were not 'reasonably expended" should be excluded from an award, including "hours that are excessive, redundant, or otherwise

2

unnecessary." *Id.* at 434. A determination of the number of hours reasonably expended is within the Court's discretion. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).

### III. Discussion and Analysis

A claimant who receives a sentence four remand in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Because the Court remanded the matter for further proceedings pursuant 42 U.S.C. § 405(g), Plaintiff is the prevailing party. (Docs. 14, 15) The Commissioner does not dispute that Plaintiff is the prevailing party, but argues the position opposing remand was substantially justified. (Doc. 18)

#### A. The Commissioner's position was not substantially justified.

The burden of proof that the position was substantially justified rests on the government. *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In addition, "[a] substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Establishing that a position was substantially justified is a two-step process. 28 U.S.C. § 2412(d)(2)(D). First, the Commissioner must demonstrate "the action or failure to act by the agency" was substantially justified. *Id.* Second, the Commissioner must establish the position taken in the civil action was substantially justified. *Id.* The inquiry into whether or not the government had a substantial justification must be found on both inquiries. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998). Thus, both the ALJ's decision and the Commissioner's arguments to this Court in defense of the administrative decision must have been substantially justified. To find that a position was substantially justified when based on violations of the Constitution, federal statute, or the agency's own regulations, is an abuse of discretion. *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

##### 1. The Court's findings

The Court remanded this case because the ALJ failed to support the step five determination with substantial evidence. (Doc. 14 at 6-10) As an initial matter, the Court observed the parties disagreed

3

regarding the basis for the ALJ's step five finding, with the Commissioner arguing the ALJ's finding was based upon the Medical-Vocational Guidelines and Plaintiff arguing the ALJ relied upon the testimony of a vocational expert. (*Id.* at 5) The Court reviewed the record and noted the ALJ indicated Plaintiff's "ability to perform all or substantively all of the requirements of … [light] work has been impeded by additional limitations," and called a vocational expert to testify. (*Id.*) In addition, based upon the grids and Ninth Circuit authority, the Court found reliance upon the grids would be improper due to Plaintiff's non-exertional limitations. (*Id.* at 5-6, citing 20 C.F.R. Part 404, Subpart P, Appendix, Rule 202.18; *Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000).)

Challenging the testimony upon which the ALJ relied, Plaintiff noted she was limited to "only simple, routine, and repetitive tasks," and argued testimony that she could perform the "full range" of unskilled work at the light level is not proper, because "unskilled" work under the *Dictionary of Occupational Titles* may require Reasoning Level 3. (Doc. 14 at 7-8) The Court noted "several courts have determined a claimant's ability to perform "simple, repetitive tasks" may not support a finding that the claimant can perform the full range of "unskilled" work available in the national economy." (Doc. 14 at 8, citing, e.g., *Gonzalez v. Astrue*, 2012 WL 14002 *11 (E.D. Cal. Jan. 4, 2012); *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997); *Frye v. Astrue*, 2012 WL 1831548, at *23 (N.D. Ohio Apr. 9, 2012)). Further, the Court observed that the Ninth Circuit concluded "there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning." (Doc. 14 at 8, citing *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015)) Consequently, the Court agreed the vocational expert's testimony that Plaintiff could perform *all* unskilled work conflicted with the job descriptions for unskilled work found in the *Dictionary of Occupational Titles*.

Next, the Court found "no indication in the record that the ALJ was aware of the conflict, and he indicated his step five decision was '[b]ased on the testimony of the vocational expert.'" (Doc. 14 at 9, quoting Doc. 7-3 at 29) Because the ALJ did not address the conflict between the two vocational resources, "and the vocational expert did not explain her conclusions that Plaintiff could perform the 'full range' of unskilled work despite the limitation to simple, repetitive tasks," the record could not "support the deviation from the *Dictionary of Occupational Titles*." (*Id.*, citing *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995); *Rawlings v. Astrue*, 318 Fed. Appx. 593, 595 (2009))

4

### 2. The Commissioner's position

The Commissioner argues that "[t]he government's conduct in the underlying action and its litigation position had a reasonable basis in law and fact, and was substantially justified." (Doc. 18 at 4, emphasis omitted) The Commissioner asserts:

> Here, the ALJ relied on vocational expert testimony to support his conclusion that Plaintiff could perform jobs existing in significant numbers in the national economy— to wit, any light or sedentary unskilled job. The vocational expert's testimony constituted substantial evidence upon which the ALJ could rely." (*Id.*) The vocational expert's testimony constituted substantial evidence upon which the ALJ could rely. *See Biestek v. Berryhill*, 139 S.Ct. 1148, 1155-56 (2019). Thus, the ALJ's reliance on vocational expert testimony had a reasonable basis in fact. Likewise, the ALJ's finding had a reasonable basis in law. The Ninth Circuit has recognized that a vocational expert's expertise is sufficient foundation for his or her testimony, and that an ALJ can rely on an expert's testimony. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony")

(Doc. 18 at 4) Further, the Commissioner maintains that even if jobs requiring Reasoning Level 3 were removed from the "unskilled" job base, there were a significant number of "occupations that Plaintiff could perform if limited to simple, routine, repetitive tasks." (*Id.* at 5)

The Commissioner previously argued that the ALJ <u>did not</u> rely upon the vocational expert's testimony. (Doc. 12 at 7) The Commissioner argued that "[a]t step five of the sequential evaluation process, the ALJ found that Plaintiff could perform work existing in significant numbers *based on the Medical-Vocational Guidelines*." (*Id.*, emphasis added) The Commissioner maintained that Plaintiff's challenge to the vocational expert's testimony as conflicting with the *Dictionary of Occupational Titles* was "a red hearing" "since the ALJ relied on the Medical-Vocational Guidelines, and not vocational expert testimony about specific occupations in the *Dictionary*." (Doc. 12 at 8, citing *Huntsberry v. Berryhill*, Case No. 16-cv-00929-HSG, 2017 U.S. Dist. LEXIS 86818 at *31-32 (N.D. Cal. June 6, 2017) (rejecting a claimant's argument where there was no apparent conflict between vocational expert testimony and the *Dictionary*, since the ALJ did not rely on such testimony for a step five finding).) The Court rejected the Commissioner's argument, finding it was not supported by the record as "[t]he ALJ called upon vocational expert Lynda Berkley ("the VE") to 'determine the extent to which [Plaintiff's] limitations erode the unskilled light occupational base.'" (Doc. 14 at 4, quoting Doc. 7-3 at 29) In addition, the ALJ stated:

> If the claimant had the residual functional capacity to perform the full range of light work, a finding of 'not disabled' would be directed by Medical-Vocational Rule 202.18. However, the claimant's ability to perform all or substantively all of the requirements of this level work has been impeded by additional limitations

(*Id.*, quoting Doc. 7-3 at 29) Thus, the Commissioner's position that the ALJ relied upon the Medical Vocational Guidelines had no basis in fact.

The Commissioner's argument that any conflict between the two vocational resources did not require a remand (*see* Doc. 12 at 9-10) did not have a reasonable basis in law. In 2015, the Ninth Circuit determined in *Zavalin* "that there is an apparent conflict between . . . limitation to simple, routine, or repetitive tasks, on the one hand, and the demands of Level 3 Reasoning, on the other hand." *Id.*, 778 F.3d at 843-44. This opinion was clearly published authority at the time Plaintiff filed her opening brief, and Defendant acknowledged "the Ninth Circuit has found a conflict between vocational expert testimony that someone limited to simple, repetitive tasks could perform occupations described as requiring Reasoning Level 3 in the *Dictionary*" while still opposing a remand. (Doc. 12 at 9) Because the ALJ failed to acknowledge the conflict between the two vocational resources and the record could not support the deviation, the Commissioner's defense of the decision was not substantially justified. *Cf. Allen-Howard v. Commissioner Social Sec. Admin.,* 615 Fed. Appx. 402, 403 (9th Cir. 2015) (holding a position was substantially justified where "there was no controlling authority on the question raised").

**B.  Reasonableness of the Fees Requested**

The Ninth Circuit determined courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on "routine" social security cases. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1133-37 (9th Cir. 2012) ("we question the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court"). Instead, "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Id.* at 1136, quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Nevertheless, the Court has an independent duty to review evidence of hours worked and tasks undertaken to determine the reasonableness of the fees requested for the case. *Hensley*, 461 U.S. at 433, 436-47; *see also Costa v.*

*Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (using the lodestar method—where the number of hours reasonably expended is multiplied by a reasonable hourly rate—to evaluate the reasonableness of a fee award under the EAJA).

### 1. Tasks completed

Lawrence Rohlfing, counsel for Plaintiff, reports that several individuals worked with him on this action, including two paralegals and a law clerk. (*See* Doc. 16 at 14, ¶¶ 1, 9-10; Doc. 16-2 at 1-2) Tasks completed by individuals working on this action include reviewing the ALJ's decision and the administrative record that was approximately 850 pages long; drafting Plaintiff's confidential letter brief, opening brief, and reply brief; and preparing the request and reply for EAJA fees now pending before the Court. In total, the Law Offices of Lawrence D. Rohlfing expended 27.64 hours on the matter. (*See* Doc. 16 at 1-2; Doc. 19 at 7)

Importantly, the Supreme Court determined that "purely clerical work or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989). For example, courts in the Ninth Circuit have determined drafting and preparing documents related to service are clerical tasks and reduced the number of hours awarded as fees accordingly. *See, e.g., Kirk v. Berryhill* 244 F. Supp. 3d 1077, 1084 (E.D. Cal. 2017) (drafting documents related to service "could have been completed by experienced support staff"); *Bailey v. Colvin*, 2013 WL 6887158, at *4 (D. Or. Dec. 31, 2013) (denying fees for "service of process" because "the Court may not award fees for clerical work even when the work is performed by attorneys"). Because counsel included 0.3 hours for preparation of proofs of service by a paralegal, this time will be deducted from the total award due to the clerical nature of the document preparation.

### 2. Hourly rates requested

Plaintiff's counsel requests an hourly rate of $196.79 for attorney time in 2017 and $201.60 for attorney time in 2018. (Doc. 16 at 2) These rates are equal to the statutory rates set by the Ninth Circuit for work completed in 2017 and 2018. *See* "Statutory Maximum Rates Under the Equal Access to Justice Act," available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited June 25, 2019). Thus, the Court finds the rates requested for counsel are appropriate.

Mr. Rohlfing also seeks hourly rates of $150 for a law clerk and $130 for his paralegals. (Doc.

16 at 4). According to Mr. Rohlfing, these rates are supported by the *United States Consumer Law Attorney Fee Survey Report 2013-2014* and the *Laffey Matrix* published in 2017. (*Id.* at 2) However, Mr. Rohlfing fails to show these rates are in line with the prevailing market rate within the Eastern District of California, which is the relevant forum. *See Nadarajah v. Holder*, 569 F. 3d 906, 918 (9th Cir. 2009) (the EAJA permits compensation in line with rates "in the community for similar services by paralegals of reasonably comparable skill, experience and reputation"); *Richlin Sec. Serv. v. Chertoff*, 553 U.S. 571, 578, 588-89 (2008) (paralegal fees may be awarded at prevailing market rates under the EAJA). Instead, the Survey Report addresses only the average and median rates of the entire state of California. (*See* Doc. 16-3 at 7) Further, the *Laffey Matrix* is a chart of rates addressing "the range of rates that prevail in the Washington, D.C. area." *Laffey v. Northwest Airlines, Inc*., 572 F.Supp. 354, 374 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4, 241 U.S. App. D.C. 11 (D.C. Cir. 1984)) Consequently, this Court previously determined that both the *Survey Report* and the *Laffey Matrix* "are irrelevant to determining reasonable rates" given the lack of data in each on prevailing rates in the Eastern District. *Fitzgerald v. Law Office of Curtis O. Barnes*, 2013 U.S. Dist. LEXIS 53642 at *9 (E.D. Cal. Apr. 15, 2013).

Courts in the Eastern District of California have determined that the prevailing hourly paralegal rate is "between $75 and $150." *Phillips 66 Co. v. Cal. Pride, Inc.,* 2017 U.S. Dist. LEXIS 104555 at *48 (E.D. Cal. July 6, 2017); *see also Morgan Hill Concerned Parents Assoc. v. Cal. Dep't of Ed.*, 2016 U.S. Dist. LEXIS 109451 at *43 (E.D. Cal. Aug. 17, 2016) ("the local rate for paralegals is $75 per hour"). Mr. Rohlfing reports that "[a]ll paralegals in the office have a minimum of 6 years of experience; two have a bachelor's degree and one has a paralegal certificate." (Doc. 16 at 15, Rohlfing Decl. ¶ 10) However, he fails to identify which paralegals have a bachelor's degree and which earned the paralegal certificate. Without this information, the Court cannot determine the tasks that were performed by the more experienced employee, so to justify a higher hourly rate. Given the sparsity of information regarding the experience and education of the specific paralegals who worked on this action, the Court finds an hourly rate of $90 is appropriate.

The hourly rate for the law clerk who worked on this action must be reduced to align with the prevailing market rates within the Fresno Division of the Eastern District. This Court previously

determined hourly rates of $75 to $110 are appropriate for law clerks. *See Monterrubio v. Best Buy Stores, L.P.,* 291 F.R.D. 443, 460-61 (E.D. Cal. 2013) (awarding the rate of $100 per hour to law clerks, upon finding the rates of "$100-$110 per hour are 'in line with those rates prevailing in the community"); *Roach v. Tate Publ'g & Enters.*, 2017 U.S. Dist. LEXIS 182884, at *30 (E.D. Cal. Nov. 3, 2017) (awarding the hourly rate of $75 where "there [was] no information provided about the law clerk"). Counsel reports that Ivi Kim, the law clerk who worked on this action, "is a law school graduate." (Doc. 16 at 15, Rohlfing Decl. ¶ 9) However, no information is provided regarding when Ms. Kim graduated from law school or her level of experience when she worked on this action. Thus, the Court finds the hourly rate of $100 is appropriate.

### 3. Fees to be awarded

Based upon the prior survey of attorney fees awarded in the Fresno Division and the Court's own knowledge, the adjusted hourly rates are reasonable given the limited information provided concerning the experience, skill, and reputation of the individuals who have worked on this action. *See Silvester*, 2014 U.S. Dist. LEXIS 174366; *see also Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (concluding "the district court did not abuse its discretion either by relying, in part, on its own knowledge and experience" to determine reasonable hourly rates). With the adjustments set forth above, Plaintiff is entitled to fees in the amount of $**4,360.92**, which includes 4.25 hours of work by the paralegals, 6 hours of work by the law clerk, 1.34 hours of attorney time in 2017, and 15.45 hours of attorney time in 2018 and 2019.

### C. Award of expenses and costs

Counsel's expenses may be reimbursed pursuant to the EAJA. *See* 28 U.S.C. § 2412(d)(1)(B). To recover expenses related to an action, an attorney seeking an award of expenses shall "submit to the court an application . . . including an itemized statement." *Id.* In compliance with the EAJA, counsel submits evidence of expenses in the amount of $15.51 for the certified mailing of Plaintiff's Complaint to the U.S. Attorney, the Office of Regional Counsel, and the Attorney General. (*See* Doc. 16 at 15, Rohlfing Decl. ¶ 7; Doc. 16-6 at 2) These expenses are recoverable under 28 U.S.C. § 2412(d). *See, e.g., Aston v. Sec'y of Health & Human Servs.,* 808 F.2d 9, 12 (2d Cir. 1986) (rejecting the argument that postage may not be recovered and finding "these expenses are reimbursable under the EAJA as

reasonable 'fees and other expenses'"). Further, Plaintiff seeks an award of costs in the amount of $400.00, for the filing fee paid in this action. (Doc. 16 at 12) The EAJA permits the award of costs, including filing fees. *See* 28 U.S.C. § 2412(a)(1); 28 U.S.C. § 1920. Accordingly, Plaintiff is entitled to a total of **$415.51** in expenses and costs.

**IV. Conclusion and Order**

As a prevailing party, Plaintiff is entitled to an award of attorney's fees under the EAJA because the ALJ's decision and the Commissioner's position in defending it to this Court were not substantially justified. *See* 28 U.S.C. § 2412(d)(2)(H). With the adjustments set forth above, Plaintiff is entitled to an award of fees, expenses, and costs totaling **$4,776.43**. Accordingly, the Court **ORDERS**:

1. Plaintiff's request for attorney's fees is **GRANTED** in the modified amount of $**4,360.92**;
2. Plaintiff's requests for expenses and costs are **GRANTED** in the amount of $**415.15**;
3. The Commissioner **SHALL** determine whether Plaintiff's EAJA attorney fees are subject to any offset and, if the fees are not subject to an offset, payment shall be made payable to Plaintiff. If the Government decides to accept the assignment of fees, payment shall be made payable to Counsel, Lawrence Rohlfing; and
4. Payment **SHALL** be mailed to Plaintiff's counsel of record, Lawrence Rohlfing.

IT IS SO ORDERED.

Dated: **June 27, 2019**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE